BUITRAGO, PLAINTIFF AND APPELLEE, *v.* MEDINA ET AL.,
DEFENDANTS AND APPELLANTS.

## Appeal from the District Court of Guayama in Mandamus Proceedings.

No. 3158.—Decided June 25, 1924.

MANDAMUS—SALARY OF OFFICER UNLAWFULLY REMOVED—MISJOINDER.—It having been proved that the petitioner, a commissioner of public service, police, prisons and education, was unlawfully removed from his office by the municipal assembly, it follows that he is entitled to receive his salary from the time that he was unlawfully kept out of the office although he could not discharge its duties. A mandamus to that effect against the auditor and the municipal commissioner of finance is the proper remedy and it can not be held that there was misjoinder of actions or of parties defendant.

ID.—ID.—MINISTERIAL DUTY. — When the salary claimed by a municipal officer unlawfully removed appears in the current budget, the duty of the municipal auditor to issue the necessary warrants is not discretional but ministerial.

ID.—ID.—EVIDENCE.—The defendants alleged that the writ of mandamus should not issue to compel the payment of salary to the petitioner, because there was no money in the municipal treasury. The testimony of the auditor in support of that allegation was found to be insufficient, because that witness not only showed himself to be ignorant of everything concerning the municipal funds, but did not say what had been done with the money appropriated in the budget for the payment of the petitioner's salary.

The facts are stated in the opinion.
*Mr. B. Pagán* for the appellants.

*Mr. A. Porrata* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Alejandro Buitrago, as Municipal Commissioner of Public Service, Police, Prisons and Education of Guayama, Porto Rico, petitioned the District Court of Guayama on April 21, 1923, for a writ of mandamus against the Commissioner of Finance and the Auditor of the said municipality, alleging that by a resolution passed by the Municipal Assembly of Guayama on September 25, 1922, he was suspended from office and salary as such Municipal Commissioner and later was unlawfully removed from office by impeachment proceedings; that he appealed to the District Court of Guayama and by a judgment of January 6, 1923, that court ordered the immediate reinstatement of the petitioner to the said office; that the municipal assembly appealed from that judgment and the appeal was dismissed on March 5, 1923, in consequence of which he resumed possession of his office. He also alleges that he is entitled to receive the salary that he had been receiving as such commissioner, it having been appropriated in the budget for that fiscal year; that notwithstanding the fact that the said appropriation has not been transferred or expended, the respondents, in their official capacity, have not paid him the salary earned by him from September 27th, 1922, to the end of March, 1923, amounting to $1,021.96, and that they have refused and still refuse without any good reason to issue the corresponding warrant.

The respondents answered the petition, alleging that the petitioner had no legal capacity to bring the proceeding because he was not such official; that there was misjoinder of parties and causes of action; that the writ could not be enforced because in the municipal treasury of Guayama there were no funds available for such payment, and that the petition did not state facts sufficient to constitute a cause of action. Then they deny some of the allegations of the petition.

After a trial on the evidence submitted the court issued a peremptory writ commanding the municipal auditor to issue to the municipal treasurer the corresponding warrants for paying the petitioner his salary as Commissioner of Public Service, Police, Prisons and Education of the Municipality of Guayama from September 27, 1922, to the end of March, 1923, amounting to $1,021.96, and the municipal treasurer, after warrant issued by the auditor, to make payment in accordance with the law. From this decision the respondents have appealed.

It was proved that the appellee was unlawfully removed from his office of Commissioner of Public Service, Police, Prisons and Education and so held by a final judgment, as a result of which he resumed the discharge of his duties; that he resigned at the end of April, 1923, and that he had been suspended formerly. The suspension and removal being unlawful, they could not have the effect of depriving him of the salary to which he was entitled although he could not discharge the duties of the office under the circumstances; therefore, he is entitled to receive the salary claimed. The right of the petitioner to pay for services not rendered under these circumstances is clear, inasmuch as the salary is inherent to the office, whether or not the services were rendered.

When the appellee filed his petition for a writ of mandamus he still was Commissioner of Public Service, Police, Prisons and Education, although he was on leave of absence, and he had capacity as such to apply for a writ of mandamus to compel payment of his salary, and even if he had previously ceased to hold the office, he still had the same right of action for the salary.

In the petition there was no misjoinder of causes of action, because the only claim asserted therein was to compel the respondents to perform the necessary acts for paying the petitioner's salary; nor was there a misjoinder of parties, for although their duties may be and are different,

in this case the interests of both are identical, as they converge toward the payment of the debt owing to the petitioner, inasmuch as in the payment of every municipal debt two persons intervene—the auditor and the treasurer. Therefore, their actions being so intimately connected, it can not be held that their interests are distinct.

The salary claimed was appropriated in the budget in force when the petition for mandamus was filed; hence the municipal auditor was without discretional power to refuse to issue the necessary warrants for the payment of the salary earned and unpaid, and his duty was ministerial. In 18 R.C.L., 221, the following is said: "It is generally recognized that mandamus is a proper remedy to enforce the payment of the salary of public officers when definitely fixed by law, and the proceeding is not in effect and for the purpose of trying title to the office." In the same volume, at page 224, the following appears: "So in the case of claims for salary by public officers or employees whose compensation is fixed by law, the function of drawing warrants therefor, and countersigning them, is considered merely ministerial."

The respondents alleged that the peremptory writ of mandamus should not issue because it could not be executed, as there was no money in the municipal treasury of Guayama for that purpose. The municipal auditor testified that there were no funds in the municipality for paying the sum claimed, but also said that he did not know what money the municipality had and that after the petition for mandamus was filed all of the salaries of municipal employees had been paid. He said that he did not know how much had been paid from the budget and what was the balance remaining in possession of the municipality to cover it, or what was the amount of the payments already made. This evidence is not sufficient to establish the allegation of the respondents, because this witness not only showed himself to be ignorant of everything concern-

ing the municipal funds, but did not say what had been done with the money appropriated in the budget for the payment of the petitioner's salary.

The appellants allege that the petitioner did not prove that he was the Commissioner of Public Service, Police Prisons and Education of Guayama; but they did not deny the allegations of the petition that he held that office; that he was unlawfully removed, and that he was reinstated in office.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.